IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MELVIN WHITE                                                                                          PLAINTIFF
#2200000940

v.                                           4:23-cv-00472-LPR-JJV

MIKE KNADAL, Sheriff,
Dallas County Police Department; *et al.*                                                DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Lee P. Rudofsky. Any party may serve and file written objections to this Recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Melvin White ("Plaintiff") is a pretrial detainee in the Dallas County Detention Center. He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging he received constitutionally inadequate medical care after he fell on April 19, 2023, injuring his knee and genitals. (Doc. 6.) Plaintiff brings these claims against the Dallas County Jail, the Dallas County Sherriff's Office, Jail Administrator Kathren Schuler, and Sheriff Mike Knadal in their official and

1

individual capacities.  After careful consideration, I conclude Plaintiff has not pled a plausible claim upon which relief may be granted for the following reasons.[1]

First, the Dallas County Jail and Sheriff's Office are not proper parties in a § 1983 action. *See Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003; *De La Garza v. Kandiyohi Cnty. Jail*, Case No. 01-1966, 2001 WL 987542 (8th Cir. Aug. 30, 2001); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).

Second, Plaintiff's claim against Jail Administrator Schuler and Sheriff Knadal, in their official capacities "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018).  Dallas County cannot be held vicariously liable for its employee's actions in a § 1983 lawsuit.  *Id.*  Instead, Dallas County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.,* 829 F.3d 695, 699 (8th Cir. 2016).  Because Plaintiff has raised any such facts, he has not pled a plausible official capacity claim.

Third, as to his claim against Jail Administrator Schuler and Sheriff Knadal in their individual capacities, they cannot be held vicariously liable in a § 1983 for constitutional violations committed by their subordinates.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").  Thus, a prisoner "must plead that each Government-official defendant, through

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not provided any facts suggesting either Sheriff Knadal or Jail Administrator Schuler were personally involved in the lack of medical care he received for his injuries. Thus, he also has failed to plead a plausible claim against them in their individual capacities.

Finally and importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not do so. (Doc. 4.) Nevertheless, the Amended Complaint does not contain a plausible claim for relief.

## II.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Amended Complaint (Doc. 6) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2. The Court recommend dismissal of this case count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 13th day of June 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE